**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**EUGENE A. ROCKEY, Jr.**                                                     **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 3:13CV-396-M**

**KHEAA** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Eugene A. Rockey, Jr., filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues "KHEAA (Steven L. Beshear)" and USA Funds Inc. c/o Sallie Mae. He alleges that KHEAA is garnishing his wages at 25% of gross income and will not grant him an in-person meeting to discuss his economic hardship. He states that he will not do this "over an unsecure 1-800 number." He states that he emailed Governor Beshear's office and KHEAA to discuss the garnishment but that KHEAA would not grant him an in-person meeting and Governor Beshear did not help him resolve the situation. He states that a few days after sending his emails, the news reported that DOE (presumably the Department of Education) had granted illegal aliens a meeting. However, when he emailed KHEAA about this, KHEAA still did not grant him a meeting. As relief, he asks for an in-person meeting with a KHEAA official to lower his payment to 10%; an in-person meeting in Louisville with a USA Funds official to lower his payment to 10%; and the cessation of all wage garnishments until a mutually agreed lower payment is reached.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

   In the portion of the complaint form which asks Plaintiff to state the grounds for filing this case in federal court, he states: "Economic hardship due to two wage garnishments (student loans). I wish to lower my payments to 10% for both garnishment. I do not want to do this via a non-secure 1-800 number but rather by a secure in-person meeting such was granted by the DOE for a group of illegal aliens."

   Plaintiff's complaint does not provide a basis for jurisdiction of this Court. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). The complaint states that Plaintiff lives in Crestwood, Kentucky, and that one of the defendants, KHEAA (Steven L. Beshear), is located in Frankfort, Kentucky.

   "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff

has not demonstrated that both Defendants are citizens of a State other than Kentucky, nor does he claim that the amount in controversy exceeds $75,000. It is clear that Plaintiff cannot bring this action as one based on diversity jurisdiction.

The Court notes that some courts have found jurisdiction to review the Department of Education's administrative wage garnishment pursuant to 5 U.S.C. § 702 and/or the Federal Tort Claims Act. "However, on the facts alleged by Plaintiff here, jurisdiction would not lie because there is no suggestion that Plaintiff ever exhausted h[is] administrative remedies prior to filing suit in this Court." *Fisher v. Dep't of Educ.*, No. 1:12-cv-282, 2012 WL 3544744, at *3 (S.D. Ohio Aug. 16, 2012) (citing *Lowery v. U.S. Dep't of Educ.*, 499 F. Supp. 2d 928 (N.D. Ohio 2007)). "[F]iling an administrative claim is a jurisdictional prerequisite to maintaining an action against the government." *Lowery*, 499 F. Supp. 2d at 932 (citing *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981)).

### III. CONCLUSION

Consequently, the Court will, by separate Order, dismiss the instant action for lack of jurisdiction.

Date: June 13, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.009

4